22.453210
TrueCare/Flores

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Erna Flores | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>04/28/2022 at 04:11:59 PM<br>Clerk of the Superior Court<br>By Veronica Navarro,Deputy Clerk |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Additional Parties Attachment form is attached.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of California, San Diego County,<br>325 S. Melrose Drive, Vista, CA 92081. | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2022-00016393-CU-MM-NC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael R. Himan, Attorney at Law, 4730 Palm Avenue, Suite 212, La Mesa, CA 91941, (619) 238-6700

| DATE: 05/03/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | V. Navarro<br>V. Navarro | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* North County Health Project Inc. dba TrueCare, a California corporation

    under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Page 1 of 1

**SHORT TITLE:**
Flores v. Mengar, et al.

CASE NUMBER:

SUM-200(A)

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

DR. GEETA MENGAR, M.D.; RUBEN MACIAS, N.P.; NORTH COUNTY HEALTH PROJECT, Inc. dba TRUECARE, a California Corporation; ALINA MEDICAL IMAGING, a business entity form unknown; and DOES 1-100 inclusive.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

Page ___ of ___

SUM-200(A)

Michael R. Hirman, Esq. SBN 228469
Attorney at Law
4730 Palm Avenue, Suite 212
La Mesa, CA 91941
(619) 238-9700
(619) 238-9701 fax

Attorney for Plaintiff, Ema Flores

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
04/29/2022 at 04:11:59 PM
Clerk of the Superior Court
By Veronica Navarro, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, NORTH JUDICIAL DISTRICT

EMA FLORES,

    Plaintiff,

v.

DR. GEETA IYENGAR, M.D.; ALISSA MACIAS, N.P.; NORTH COUNTY HEALTH PROJECT, Inc., dba TRUECARE, a California Corporation; ALINA MEDICAL IMAGING, a business entity form unknown; and DOES 1-100 inclusive.

    Defendants.

Case No.:  37-2022-00016393-CU-MM-NC

COMPLAINT
[Amount Demanded Exceeds $75,000.00]

1.  Battery;
2.  Assault;
3.  Negligence;
4.  Negligent Hiring, Supervision and Training;
5.  Intentional Infliction of Emotional Distress;
6.  Unfair Business Practices, B&P §17200, et seq.

    COME NOW the Plaintiff, Ema Flores Plunkett, by and through her counsel and allege as follows:

    1.  Plaintiff, EMA FLORES, at the time of the incident was a resident of the City of San Marcos, in the County of San Diego, State of California.

    2.  Plaintiff are ignorant of the true names of defendants DOES 1 through 100, inclusive, and have therefore sued them by the above names, which are fictitious. Plaintiff will amend this Complaint by inserting true names in lieu of the fictitious names, together

COMPLAINT FOR DAMAGES

with apt and proper charging words, when the true names are ascertained. Plaintiff are informed, believe and thereon allege that each of the defendants designated in this Complaint, as a DOE is responsible and liable to Plaintiff in some manner for the events, happenings, and contentions referred to in this Complaint. All references in this Complaint to defendants shall be deemed to include all DOE defendants.

3. Plaintiff is informed and believes and thereon alleges that each defendant, including DOES, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative of each other defendant, including DOES, and all of the things alleged to have been done by the defendants were done in the course and scope of the agency, employment, service, subsidiary relationship, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives.

4. At all times herein mentioned, Defendants, NORTH COUNTY HEALTH PROJECT, INC., DBA TRUECARE, and DOES 1 through 100 were health care providers, business organization form unknown, with its principal place of business located in the County of San Diego, State of California.

5. Defendant NORTH COUNTY HEALTH PROJECT, INC., DBA TRUECARE ("hereinafter referred to at TrueCare") was and is in the business of providing health care as a 24-hour health facility as defined in section 1250 of the Health & Safety Code, and was at all times mentioned doing business in San Marcos, in the County of San Diego, in the State of California.

6. Upon information and belief, and at all times mentioned, Defendant TrueCare, and DOES 1 through 100 were licensed and unlicensed health care providers, rendering health care as an acute care facility, and in the capacities of Director of Nursing, Medical Director, Administrator, or otherwise, to patients at NORTH COUNTY HEALTH PROJECT, INC., dba TRUECARE, including Plaintiff Flores.

COMPLAINT FOR DAMAGES

7. Defendant, GRETA IYENGAR, M.D., is, and at all times mentioned in this complaint was, a physician, licensed to practice his profession in the State of California, with offices at 2811 Wilshire Blvd., Suite 810, Santa Monica, California, and held self out to possess that degree of skill, ability, and learning common to the Professional status in that community.

8. Defendant, ALISSA MACIAS, N.P., is, and at all times mentioned in this complaint was, a nurse practitioner, licensed to practice her profession in the State of California with offices at 150 Valpreda Road, San Marcos, CA 92069, and held self out to possess that degree of skill, ability, and learning common to the Professional status in that community.

9. Plaintiffs are informed and believe and based thereon allege that the acts alleged in this complaint occurred at Alina Medical Imaging, in San Diego, San Diego County, California.

10. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant, ALINA MEDICAL IMAGING, ("hereinafter referred to as Alina"), with its principal place of business at 2475 N Garey Ave, in the City of Pomona, County of Los Angeles, State of California was a business form unknown, authorized to do business in the State of California. Alina is a citizen and resident of the County of Los Angeles, California.

11. At all times mentioned herein, each and every defendant herein was the owner, agent, servant, joint venture, alter ego and employee, each of the other, and each was acting within the course and scope of his or his ownership, agency, service, joint venture and employment.

12. At all times mentioned herein, each and every defendant was the successor of the other, and each assumes the responsibility for the acts and omissions of all other defendants.

13. Jurisdiction and venue are proper in the San Diego County Superior Court, in the State of California.   Defendants have their principal place of business in Los Angeles

COMPLAINT FOR DAMAGES

1  or San Diego County, but does business in San Diego County. Furthermore, this

2  venue is convenient to the parties and is an appropriate venue for a civil action. In

3  addition, the incident complained about in this action occurred in San Diego County.

4  14. Federal jurisdiction does not exist here. Defendants are California citizens and

5  residents for purposes of determining jurisdiction as its headquarters are located in

6  San Diego County. Furthermore none of the causes of action involve "substantial"

7  questions of federal law. Protection against local prejudice is the essential purpose of

8  removal jurisdiction based on diversity of citizenship. Thus, defendant cannot

9  remove a case to federal court if any defendant is a citizen of the State in which such

10  action is brought. 28 U.S.C. §1441(b)(2) *Spencer v. Altec Industries, Inc.* (9th Cir.

11  2004) n393 F.3d 867, 870. Therefore there is neither complete diversity nor federal

12  question jurisdiction and this matter is properly the venue of this court.

13  <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

14  15.  On or about May 1, 2021, Plaintiff Flores was prescribed a breast examination for

15  women. This was done by Nurse Practitioner Alissa Macias (hereinafter referred to

16  as "Macias") and under the supervision of Dr. Iyengar, (Hereinafter referred to as

17  "Iyengar").

18  16. The Imaging order was done through Truecare and by Alina. The imaging was done

19  on May 1, 2021.

20  17. At the time of the imaging Dr. Iyengar was working for Truecare. Nurse Macias was

21  also working with Truecare. Alina was a co-venturer with Truecare.

22  18. Plaintiff had at the time silicone breast implants.

23  19. Defendants were well aware that Plaintiff had breast implants. In fact she had had

24  them for some time.

25  20. Upon entering the Alina facility the technicians pushed and squeezed on her breast

26  very hard to the point they ruptured.

27  21. The amount of force used was unnecessary for the procedure and unnecessary for

28  the breast implants.

COMPLAINT FOR DAMAGES

22. On or about May 19, 2021 Plaintiff had her ruptured implants removed.

23. Prior to May 1, 2021 Plaintiff had no issues or problems with the breast implants. In deed no complaints whatsoever.

## FIRST CAUSE OF ACTION
### (BATTERY - As to all Defendants)

24. Plaintiffs re-allege as though fully set forth herein each and every allegation of paragraphs 1 through 23, inclusive, of the general allegations above, as though fully set forth in length herein.

25. On or about May 1, 2021, Defendants did strike or physically contact plaintiff in and about plaintiff's body. Specifically they pressed on her breasts with sufficient force to rupture her breast implants causing silicon to fill her body. At no time did plaintiff agree to this action nor did she consent.

26. In doing the acts as alleged above, Defendants acted with the intent to make a contact with plaintiff's person.

27. Defendants' actions were deliberate. They knew they were harming plaintiff and did not stop until her breast implant was ruptured.

28. In doing the acts as herein alleged, defendants acted with the intent to make contact with plaintiff's body. As a direct and legal cause of defendant employee's conduct plaintiff was injured in her mind and body as is herein alleged.

29. As a direct and proximate result of Defendants' intentional act, as alleged above, Plaintiff has been harmed in that she has suffered and continues to suffer serious bodily injury and a substantial loss of earnings as well as emotional, mental and physical distress, all to her damage in an amount to be established at trial.

## SECOND CAUSE OF ACTION
### (ASSAULT - As to all Defendants)

30. Plaintiffs hereby incorporate Paragraphs 1 through 29, inclusive, of the Complaint.

COMPLAINT FOR DAMAGES

31. In the alternative, on or about May 1, 2021 at Sharecare in San Marcos California defendants threatened plaintiff in a menacing manner and disclosed their intention of striking plaintiff and rupturing her breast implant.

32. In doing the acts here and above alleged, defendants intended to place plaintiff in apprehension of bodily harm.

33. As a direct and legal result of defendant acts as alleged herein, plaintiff, in fact, was placed in apprehension of bodily harm.

## THIRD CAUSE OF ACTION
### (NEGLIGENCE)
#### (As to all Defendants)

34. Plaintiffs re-allege and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 33 and also in the following claims for relief as though the same were fully set forth at length.

35. During plaintiff's period as a patient of defendants and each of them, defendants and each of them, acted negligently and recklessly with respect to plaintiff. In particular, and without limiting the generality of the foregoing, defendants and each of them, intentionally failed to, among other things:

a. follow, implement and adhere to all physician orders.

b. monitor and record plaintiff condition, and to report meaningful changes therein to the attending physician.

c. establish and implement a patient care plan for plaintiff based upon, and including without limitation, an ongoing process of identifying her care needs.

d. attend and maintain plaintiff's physical hygiene.

e. maintain accurate records of plaintiff's condition and activity.

COMPLAINT FOR DAMAGES

f. accord to plaintiff an individual's dignity and respect, and not to subject her to

abuse, neglect or battery.

g. properly and accurately administer medication.

h. maintain nursing and other staffing at levels adequate to meet the needs

of plaintiff.

36. Defendants' conduct, as aforesaid, constitutes physical abuse as defined in Welfare

and Institutions Code section 15610.63(d) and(f), and/or neglect as defined in

Welfare and Institutions Code section 15610.57.

37. As a direct and proximate result of the acts of Defendants, as aforesaid, Plaintiff

sustained severe and serious injury to their persons, including but not limited to,

severe emotional distress, all to plaintiffs' damage in a sum within the jurisdiction of

this court and to be shown according to proof.

38. By reason of the foregoing, plaintiff was required to employ the services of

hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff

was compelled to incur expenses for ambulance service, medicines, x-rays, and other

medical supplies and services.

## FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING AND SUPERVISION
### (As to all Defendants)

39. Plaintiffs re-allege and incorporate herein by this reference each and every allegation

contained in Paragraphs 1 through 38 and also in the following claims for relief as

though the same were fully set forth at length.

COMPLAINT FOR DAMAGES

40. Defendants and each of them, have a duty of due care in the hiring, training, and supervision of its employees. Defendants have a further duty of due care to investigate the background of its employees, especially in light of the particular risk or hazard that the breach of that duty poses to patients within Defendants' care. Defendants breached their duty in that, among other things:

a. they knew or had reason to know that DOES were incompetent and unfit employees.

b. they knew or had reason to know that defendants, DOES, because of their qualities, were likely to harm patients under their care.

c. they knew or had reason to know that defendants, DOES were incompetent as employees because of their reckless or vicious dispositions.

d. they failed to exercise due care in the interviewing, selection, training and supervision of Defendants, DOES, such that the employment necessarily brought them in contact with patients, including plaintiff, in the performance of their duties.

e. they knew or had reason to know that defendants, DOES, had a history of or propensity to abuse patients and would in fact engage in such abuse if brought in contact with patients.

41. Despite the foregoing, defendants, negligently, recklessly and carelessly permitted defendants DOES, to have contact with plaintiff in the course of their employment.

42. As a direct and proximate result of the acts of Defendants, as aforesaid, Plaintiffs and plaintiff sustained severe and serious injury to their persons, including but not limited to severe emotional distress, all to Plaintiffs', and plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

43. By reason of the foregoing, Plaintiffs has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services; and Plaintiff was compelled to incur expenses for ambulance service, medicines, x-rays, and other medical supplies and services.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to all Defendants)

44. Plaintiffs re-allege and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 43 and also in the following claims for relief as though the same were fully set forth at length.

45. Plaintiff was present at the scene at the time of the events described herein.

46. Because plaintiff was a patient of defendants, and under the care of defendants, and each of them, had a duty under federal and state regulations which were designed for the protection and benefit of patients like plaintiff to provide her care, comfort and safety. Without limiting the generality of the foregoing, Defendants had a duty to, among other things:

a. follow, implement and adhere to all physician orders.

b. monitor and record plaintiff's condition, and to report meaningful changes therein to the attending physician.

c. establish and implement a patient care plan for plaintiff based upon, and including without limitation, an ongoing process of identifying her care needs.

d. attend and maintain plaintiff's physical hygiene.

e. maintain accurate records of plaintiff's condition and activity.

COMPLAINT FOR DAMAGES

f. accord to plaintiff an individual's dignity and respect, and not to subject her to abuse, neglect, or battery.

g. properly and accurately administer medication.

h. maintain nursing and other staffing at levels adequate to meet the needs of plaintiff.

47. During the period as a patient, Defendants, and each of them, breached their duties to plaintiff. These breaches were intentional and in reckless disregard for the probability that severe injury would result from their failure to carefully adhere to their duties. Defendants knew or should have known that there was a probability that injury would result from the failure to adhere to their duties. In particular, and without limiting the generality of the foregoing, Defendants and each of them, intentionally and with deliberate indifference to plaintiff's health and safety, failed to, among other things:

a. follow, implement and adhere to all physician orders.

b. monitor and record plaintiff's condition, and to report meaningful changes therein to the attending physician.

c. establish and implement a patient care plan for plaintiff based upon, and including without limitation, an ongoing process of identifying her care needs.

d. attend and maintain plaintiff's physical hygiene.

e. maintain accurate records of plaintiff's condition and activity.

f. accord to plaintiff an individual's dignity and respect, and not to subject her to abuse, neglect or battery.

g. properly and accurately administer medication.

h. maintain nursing and other staffing at levels adequate to meet the needs
of plaintiff.

48. The conduct of Defendants, and each of them, was outrageous and beyond the
bounds of decency such that no reasonable person could be expected to endure
it. plaintiff was forced to endure great pain, mental anguish, shock, humiliation,
feelings of helplessness and desperation. She was physically and emotionally
abused, left with a ruptured breast implant. Her medical and physical needs were
ignored. Defendants failed to respond to her condition, partially as a result of their
allocation of inadequate resources to provide proper staffing to care for plaintiff.
Accordingly, Defendants were unwilling and unable to react
to plaintiff's complaints, or to her increased need for medical treatment, or to the
physical abuse that was being inflicted upon her.

49. At all times herein mentioned, Defendants and each of them knew of the need for
these regulations and laws and knew that the lives and health of their patients were at
risk whenever they failed to meet such duties. Defendants knew that its routine,
patterned and repeated failure to comply with such duties, would probably result in
injuries to its patients, and their families, including Plaintiff. In breaching their
duties to Plaintiff, Defendants, and each of them, acted intentionally in conscious
failure to avoid the perils to their patients and families, including Plaintiff, all
according to their plan of maintaining patient care expenses at inadequate levels
thereby increasing the profitability of defendants' business operation. In doing so,
Defendants breached certain other duties which require Defendants and each of them
to devote their resources to the care and treatment of patients like plaintiff (see 42

CFR § 483.75), and to maintain adequate staffing levels (see 22 Cal. Code Regs. §72501(e)), and not to devote resources to maintaining or attaining profit goals.

50. As a further result of Defendants' conduct, as aforesaid, plaintiff was forced to endure great pain, mental anguish, shock, humiliation, feelings of helplessness and desperation. They observed the conditions under which Defendants cared for plaintiff, as well as the injuries that she suffered.

51. As a direct and proximate result of the intentional, malicious, harmful, unlawful and offensive acts of Defendants, as aforesaid, Plaintiff sustained severe and serious injury to their persons, including but not limited to severe emotional distress, all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

52. By reason of the foregoing, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and were compelled to incur expenses for ambulance service, medicines, x-rays, and other medical supplies and services.

53. As a direct and proximate result of the negligence of the Defendants, and each of them, as hereinabove alleged, Plaintiff has suffered severe, substantial and enduring emotional distress all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

//
//
//
//

COMPLAINT FOR DAMAGES

**SIXTH CAUSE OF ACTION**
California Unfair Competition Law
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200, et seq.**
(As to all Defendants)

54.   Plaintiffs re-allege and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 53 and also in the following claims for relief as though the same were fully set forth at length.

55.   The conduct of defendants and each of them, as alleged, is part of a general business practice of defendants. This practice exists in part because Defendants expect that few adverse consequences will flow from their mistreatment of their vulnerable clientele and make a considered decision to promote profit at the expense of their legal obligations to the patients.

56.   Defendants failed to properly care and failed to care to the level that was promised to plaintiff for her medical treatment.

57.   This practice constitutes an unfair and fraudulent business practice within the meaning of Business & Professions Code section 17200.

58.   Plaintiff is entitled to restitution of all funds paid to defendants by them or EMA FLORES on behalf of EMA FLORES.

59.   Plaintiffs are entitled to attorney fees under the provisions of Code of Civil Procedure section 1021.5.

WHEREFORE, plaintiffs pray judgement against defendants as follows:

1.   For damage to personal property and economic loss, in an amount to be proven at trial;

2.   For medical and related expenses in an amount to be proven at trial;

3.   For statutory damages in an amount to be proven at trial;

COMPLAINT FOR DAMAGES                                                                 15

4. For attorneys' fees as provided by law including, pursuant to Code of Civil Procedure § 1021.5 and Welfare and Institutions Code §15657(a)

5. For costs of suit herein incurred;

7. For pain and suffering;

8. For interest as allowed by law;

9. Punitive and exemplary damages in an amount appropriate to punish or set an example of defendants, pursuant to California Civil Code §3291 and pursuant to Civil Code § 3345; and

10. For such other and further relief as the Court may deem just and proper.

Dated this 27th day of April, 2022

RESPECTFULLY SUBMITTED,

By:

Michael R. Hirman, Esq.
Attorney for Plaintiff
Ema Flores

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues which may be tried by a jury.

Dated: April 27, 2022

Michael R. Firman, Esq.
Attorneys for Plaintiff,
Ema Flores

COMPLAINT FOR DAMAGES

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| DIVISION: | North County |
| TELEPHONE NUMBER: | (760) 201-8027 |

| PLAINTIFF(S) / PETITIONER(S): | Ema Flores |
| --- | --- |

| DEFENDANT(S) / RESPONDENT(S): | Geeta Iyengar MD et.al. |
| --- | --- |

**FLORES VS IYENGAR** [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00016393-CU-MM-NC |
| --- | --- |

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Cynthia A. Freeland                Department: N-27

**COMPLAINT/PETITION FILED:** 04/28/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 01/27/2023 | 09:00 am | N-27 | Cynthia A. Freeland |

Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise. Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by anyone and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00016393-CU-MM-NC          CASE TITLE: FLORES vs IYENGAR [IMAGED]

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

|  **Potential Advantages**  |  **Potential Disadvantages**  |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

**On-line mediator search and selection:** Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

**More information about court-connected ADR:** Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: | 325 S. Melrose | |
| MAILING ADDRESS: | 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: | Vista, CA 92081-6695 | |
| BRANCH NAME: | North County | |

PLAINTIFF(S): Ema Flores

DEFENDANT(S): Geeta Iyengar MD et.al.

SHORT TITLE: FLORES VS IYENGAR [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2022-00016393-CU-MM-NC |
|---|---|

Judge: Cynthia A. Freeland                                    Department: N-27

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)

☐ Mediation (private)

☐ Voluntary settlement conference (private)

☐ Neutral evaluation (private)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

☐ Non-binding private arbitration

☐ Binding private arbitration

☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

Name of Plaintiff                              Name of Defendant

Signature                                       Signature

Name of Plaintiff's Attorney                 Name of Defendant's Attorney

Signature                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/03/2022                          _____
                                                    JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                    Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      325 S Melrose DRIVE
MAILING ADDRESS:    325 S Melrose DRIVE
CITY AND ZIP CODE:   Vista, CA 92081-6695
DIVISION:                    North County
TELEPHONE NUMBER: (760) 201-8027

PLAINTIFF(S) / PETITIONER(S):     Ema Flores

DEFENDANT(S) / RESPONDENT(S):  Geeta Iyengar MD et.al.

FLORES VS IYENGAR [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00016393-CU-MM-NC |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Cynthia A. Freeland                            Department: N-27

**COMPLAINT/PETITION FILED:** 04/28/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/27/2023 | 09:00 am | N-27 | Cynthia A. Freeland |

Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise. Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
  • **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
  • **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
  • **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).